**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jones Nissan, Inc., Respondent,

v.

THAG, LLC; Nissan of Sumter, LLC; Terry L. Holmes; and Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Defendants,

Of which THAG, LLC and Nissan of Sumter, LLC are the Appellants.

Appellate Case No. 2023-001829

Appeal From Georgetown County
Kristi F. Curtis, Circuit Court Judge

Unpublished Opinion No. 2026-UP-372
Submitted June 1, 2026 – Filed July 15, 2026

**AFFIRMED**

Christopher Michael Ramsey, of The Bostic Law Firm, PA, of Charleston, for Appellants.

William Mullins McLeod, Jr., of McLeod Law Group, LLC, of Charleston; and John Dwight Hudson, Jr., and Nicholas Andrew Charles, both of McLeod Law Group, LLC, of Columbia, all for Respondent.

_____

**PER CURIAM:**  THAG, LLC and Nissan of Sumter, LLC (collectively, Appellants) appeal the circuit court's grant of partial summary judgment in favor of Jones Nissan, Inc. (Jones Nissan).  On appeal, Appellants argue the circuit court erred when it (1) did not award them a set-off for the $120,000 settlement that former co-defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch) paid to Jones Nissan; (2) granted summary judgment to Jones Nissan because Appellants produced evidence of genuine issues of material fact; and (3) granted summary judgment because discovery had not been completed.  We affirm pursuant to Rule 220(b), SCACR.

1.  As to the first issue, we hold this issue is not properly before this court because although the circuit court granted summary judgment on Jones Nissan's breach of contract and conversion claims, claims for breach of contract accompanied by a fraudulent act, fraud, constructive fraud, money had and received, quantum meruit, breach of the implied covenant of good faith and fair dealing, piercing the corporate veil, and accounting remain; thus, any right to a set-off did not arise prior to a final judgment on the remaining claims.  *See Rutland v. S.C. Dep't of Transp.*, 400 S.C. 209, 216, 734 S.E.2d 142, 145 (2012) ("A non-settling defendant is entitled to credit for the amount paid by another defendant who settles for the same cause of action."); S.C. Code Ann. § 14-8-200(a) (2017) ("[T]he [appellate] court has jurisdiction over any case in which an appeal is taken from an order, judgment, or decree of the circuit court . . . ."); Rule 201(a), SCACR ("Appeal may be taken, as provided by law, from any final judgment, appealable order or decision."); *State v. Looper*, 421 S.C. 384, 388, 807 S.E.2d 203, 205 (2017) ("A final judgment disposes of the whole subject matter of the action or terminates the particular proceeding or action, leaving nothing to be done but to enforce by execution what has been determined." (quoting *Charlotte-Mecklenburg Hosp. Auth. v. S.C. Dep't of Health & Env't Control*, 387 S.C. 265, 267, 692 S.E.2d 894, 895 (2010))); *Jolly v. Fisher Controls Int'l, LLC*, 443 S.C. 511, 533-34, 905 S.E.2d 380, 392 (2024) (explaining that a non-settling defendant's right to a set-off does "not arise until after the jury verdict" and the non-settling defendant "ha[s] no right to be heard on the propriety of the allocation set forth in the settlement agreement" until that time).

2.  As to the second issue, we hold the circuit court did not err in granting summary judgment on Jones Nissan's breach of contract and conversion claims because the evidence, viewed in a light most favorable to Appellants, established there was no genuine issue of material fact and Jones Nissan was entitled to judgment as a

matter of law.  *See Vaughan v. Town of Lyman*, 370 S.C. 436, 440, 635 S.E.2d 631, 633 (2006) ("In reviewing the grant of summary judgment, this [c]ourt applies the same standard that governs the [circuit] court under Rule 56 [(c) of the South Carolina Rules of Civil Procedure]: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *id.* at 440, 635 S.E.2d at 634 ("On appeal, all ambiguities, conclusions, and inferences arising in and from the evidence must be viewed in a light most favorable to the non-moving party."); *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) ("However, it is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine.").

It was undisputed that the contract and collateral agreement were validly executed, Appellants ceased payment on the contract, there was a remaining balance pursuant to the unambiguous terms of the contract and collateral agreement, and the collateral was moved to other accounts Appellants owned.  *See S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 491, 732 S.E.2d 205, 209 (Ct. App. 2012) ("The elements for a breach of contract are the existence of the contract, its breach, and the damages caused by such breach."); *Regions Bank v. Schmauch*, 354 S.C. 648, 667, 582 S.E.2d 432, 442 (Ct. App. 2003) ("Conversion may arise by some illegal use or misuse, or by illegal detention of another's personal property."); *Hennes v. Shaw*, 397 S.C. 391, 403, 725 S.E.2d 501, 508 (Ct. App. 2012) ("To establish the tort of conversion, the plaintiff must establish either title to or right to the possession of the personal property."); *McGill v. Moore*, 381 S.C. 179, 185, 672 S.E.2d 571, 574 (2009) ("The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language.  Where the contract's language is clear and unambiguous, the language alone determines the contract's force and effect." (citation omitted)).

Further, Appellants failed to produce evidence to support their counterclaims.  *See Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991) ("With respect to an issue upon which the nonmoving party bears the burden of proof, this initial responsibility 'may be discharged by . . . pointing out to the [circuit] court[ ]that there is an absence of evidence to support the nonmoving party's case.'" (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986))); *id.* ("The moving party need not 'support its motion with affidavits or other similar materials *negating* the opponent's claim.'" (quoting *Celotex*, 477 U.S. at 323); *id.* ("Once moving party carries its initial burden, opposing party must, under Rule 56(e) [of the South Carolina Rules of Civil Procedure] 'do more than simply show that there is some metaphysical doubt as to the material facts . . . .'" (quoting

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986))); *id.* ("Indeed, Rule 56(e) specifically prohibits the nonmoving party from resting upon the mere allegations or denials of its pleadings."); *Rd., LLC v. Beaufort County*, 443 S.C. 11, 24, 902 S.E.2d 366, 372 (2024) ("[T]he implied covenant of good faith and fair dealing applies only to the manner in which a party may enforce its contractual rights and must carry out its already-existing contractual duties.").

3.  As to the third issue, we hold the circuit court did not err in granting summary judgment because Appellants had a full and fair opportunity to conduct discovery. *See Vaughan*, 370 S.C. at 440, 635 S.E.2d at 633 ("In reviewing the grant of summary judgment, this [c]ourt applies the same standard that governs the [circuit] court under Rule 56[(c)], SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *BPS, Inc. v. Worthy*, 362 S.C. 319, 329, 608 S.E.2d 155, 161 (Ct. App. 2005) ("Summary judgment must not be granted until the opposing party has had a full and fair opportunity to complete discovery."). Appellants failed to advance a reason why three years was insufficient to conduct discovery or how further discovery would have uncovered additional evidence that would have created a genuine issue of material fact. *See Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54-55, 677 S.E.2d 32, 36 (Ct. App. 2009) ("A party claiming summary judgment is premature because they have not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case, and why further discovery would uncover additional relevant evidence and create a genuine issue of material fact.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.